W. A. Kirkpatrick v. Tarlton, Jordan & Tarlton.

Decided April 19, 1902.

1.—Trespass to Try Title—Pleading—Ratification.

In an action of trespass to try title plaintiff is not required to plead the evidence of his title, and where he claims under a deed executed by an agent he may show ratification by the principal of the agent's act without pleading such ratification.

2.—Agency—Ratification—Proof.

In determining the authority of an agent to act for his coheirs, or the ratification of such act, the jury may consider a deed, and the recitals therein, executed to such agent in consideration of the transfer by him of the interest of the heirs which is in question, but the court should not instruct that such deed should have any particular effect.

3.—Same—Deed Not Thirty Years Old.

The fact that a deed by an agent is not thirty years old does not preclude the consideration of the age of the transaction in connection with the other circumstances in determining the issue of the agent's authority and of a subsequent ratification of his act.

4.—Limitations—Possession.

Where the unimproved part of a tract of land is severed by sale from the improvements, ordinarily limitations ceases to run as to the unimproved part.

Appeal from Hill. Tried below before Hon. William Poindexter.

*Johnson & Stollenwerck* and *A. P. McKinnon,* for appellants.

*Thomas Ivy, W. C. Morrow, B. D. Tarlton,* and *G. D. Tarlton,* for appellees.

RAINEY, Chief Justice.—This is an action of trespass to try title brought by appellees against W. A. Kirkpatrick, Z. T. Huff, and A. M. Allen, who plead not guilty and limitation of five and ten years. Z. T. Huff died and his heirs are parties. A. M. Allen has been eliminated by the judgment on a former appeal. On the trial below judgment was rendered in favor of appellees against the heirs of Huff for 27 3-5 acres and against W. A. Kirkpatrick for 112 acres. Said parties perfected an appeal, since which the controversy as to the 27 3-5 acres has been settled, leaving only the 112 acres claimed by Kirkpatrick involved on this appeal.

This controversy grew out of a conflict between two surveys, the Samuel Shackelford and the Milton B. Atkinson. The Atkinson location was void and defendants claim that plaintiffs failed to show title in themselves and that their title has ripened by the five and ten years statutes of limitation.

*Conclusions of Fact.*—The land in controversy is a part of the survey of land patented to the heirs of Samuel Shackelford, October 5, 1887, located in Hill County by virtue of a duplicate headright certificate No. 14-76, issued by the Commissioner of the General Land Office, October

17, 1860. On October 25, 1871, E. (Edmund) Shackelford, for himself, and as attorney in fact for the remaining heirs of Samuel Shackelford, executed a transfer duly acknowledged and recorded, to A. A. Cassidy, transferring "all certificates of land granted by the State of Texas to Samuel Shackelford or his heirs" for the following consideration: "1280 acres of land lying in Calhoun County, Texas, about nine miles west of the city of Indianola, conveyed same day as date of this deed by A. A. Cassidy to E. Shackelford." The jury found that E. Shackelford was authorized by the heirs of Samuel Shackelford to execute the transfer to A. A. Cassidy, and that after the execution thereof said heirs knew of the execution and ratified same. These findings were warranted by the evidence. The appellees held under and through A. A. Cassidy. The said Shackelford certificate was located on a tract of 682 acres, January 26, 1874, embracing the land in controversy, but as it conflicted with other surveys the field notes were corrected at the instance of appellees. The following is a plat of the survey as corrected, which shows the four subdivisions and names of purchasers thereof from one Tarver, who claimed under the Milton B. Atkinson survey, which will assist in understanding the facts relating to the issue of limitation:

J. P. Allen pre-emption of 80 acres.

J. P. Allen 25 4-5 acres.

Herring survey.

Z. T. Huff 19 4-5 acres.

Z. T. Huff 27 3-5 acres.

R. Terrell.

W. A. Kirkpatrick 112 acres.

McMullan survey.

All of the Shackelford survey was originally claimed by W. L. Booth as administrator of the estate of J. R. Grover, as a part of the M. B. Atkinson survey of 320 acres in Hill County, Texas. In 1873, by order of the probate court of Hill County it was sold by said administrator to G. Y. Tarver. The sale was made in 1874, reported to and approved by the court. North of the survey in question was a pre-emption survey of 80 acres which had been improved by one John Kirkpatrick, and which improvements were bought by J. P. Allen from said Kirkpatrick. This pre-emption is known as the J. P. Allen survey. In placing his

improvements upon it, John Kirkpatrick overlapped the north line of the Shackelford tract to the exent of some seven or eight acres, which he put in cultivation and which were fenced by him in one inclosure with the improvements on the J. P. Allen pre-emption. This is the only actual or visible possession which was ever taken of the tract which includes the land in controversy, by Tarver or Allen. While Allen thus held the seven or eight acres in question within the inclosure of his pre-emption, Tarver had an agreement in writing with Allen about four or five months after the report of sale by Booth to Tarver was made in the spring of 1874, by the terms of which agreement Allen, as the tenant of Tarver, agreed to keep the land for five years and protect the timber and grass. This tenancy began during the year 1874 and continued for five years and no longer. The deed by Booth to Tarver, by virtue of which Tarver claimed the land, was dated March 16, 1875, but it was not recorded until July 17, 1879. Tarver paid the taxes on the land thus conveyed to him by Booth for the year 1875 and until the year 1883, when it was sold for taxes and was afterward redeemed by Tarver. On July 24, 1882, G. Y. Tarver conveyed to Z. T. Huff, by his deed dated and recorded on that day, a tract of 19 4-5 acres out of the tract previously conveyed by Booth, administrator, to Tarver. By this deed the part of the survey on which were the improvements placed and held by Allen was entirely severed from that portion of the survey lying south of the 19 4-5 acres conveyed to Huff, which portion lying south includes the 112 acres claimed by W. A. Kirkpatrick and involved in this appeal, and also the 27 3-5 acres Huff tract involved in the trial below. On April 18, 1883, Tarver sold and conveyed to McKinnon & Call the 139 3-5 acres mentioned in his deed of said date and lying south of the said 19 4-5 acres conveyed on July 24, 1882, by Tarver to Huff. Immediately after the conveyance of July 24, 1882, Huff took actual possession of the 19 4-5 acres of land conveyed to him. During the time which elapsed from July 24, 1882, until April 18, 1883, J. P. Allen had no authority or control or possession of any portion of the 139 3-5 acres of land embraced in the deed from G. Y. Tarver to McKinnon & Call, which lies south of the Z. T. Huff 19 4-5 acres tract and which includes the 112 acre tract involved in this appeal. On April 18, 1883, Tarver sold and conveyed to McKinnon & Call said 139 3-5 acres, and of this tract McKinnon & Call conveyed, on July 21, 1883, to Z. T. Huff a tract of 27 3-5 acres by deed on that date dated and recorded, and on the same day conveyed to W. A. Kirkpatrick 112 acres by deed then dated and recorded. Z. T. Huff immediately after his purchase took possession of said 27 3-5 acres tract, and the jury found that Kirkpatrick took possession of said 112 acres tract within a reasonable time after his purchase from McKinnon & Call, but were unable to say in what month or year. Kirkpatrick testified that he would not say that he took possession within six months after his purchase, or what time he did take possession. Both Huff and Kirkpatrick paid taxes on said land so purchased by them for one year only,

namely, 1884, after said purchase until the institution of this suit. When McKinnon & Call bought the 138 3-5 acres from Tarver they bought for themselves and on their own account, and not as agents for W. A. Kirkpatrick and Z. T. Huff or either of them.

*Conclusions of Law.*—1.   In an action of trespass to try title plaintiff is not required to plead the evidence of his title, and where he claims under a deed executed by an ·agent he may show ratification by the principal of the agent's act without pleading such ratification.

2.   In determining the authority of E. Shackelford to act for the heirs of Samuel Shackelford, or the ratification of such act, the jury could consider the deed, and recitations therein, from Cassidy to E. Shackelford, and it would not have been proper for the court to instruct the jury that such deed should have any particular effect.

3.   It was not error for the court to instruct the jury, in determining the authority of E. Shackelford to represent the heirs of Samuel Shackelford in making the deed to Cassidy, or the ratification of said act that they might "look to the age of the transaction, and the assertion of title thereunder, if you find there is such evidence, by persons claiming under and through such transfer, and to all the facts and circumstances surrounding and succeeding the execution of such transfer, and to such subsequent acts and conduct, if such there were, on the part of said heirs as you may believe, under the evidence, tending to show the giving of such authority for the execution of such transfer, or the recognition or ratification thereof after its execution."   The fact that the deed was not thirty years old did not preclude the consideration of the age of the transaction in connection with the other circumstances in determining the issue of authority and ratification.   Harrison v. McMurray, 71 Texas, 122; Johnson v. Shaw, 41 Texas, 428; Smith v. Owens, 2 Texas Civ. App., 563.

4.   The evidence was sufficient to warrant the findings of the jury that E. Shackelford had authority to execute the conveyance to Cassidy, and that the heirs had ratified his acts, and also, that the cerificate located on the land in controversy was one which passed by the transfer from E. Shackelford to said Cassidy.

5.   The evidence fails to raise the issue of identity of Samuel Shackelford, and therefore the court did not err in refusing the special charge requested which required a consideration of such issue.

6.   The evidence fails to show such possession on the part of appellant or those under whom he claims as to constitute a bar to plaintiff's recovery under either the five or ten years statue of limitation.

7.   There is no reversible error shown by the record, and the judgment of the court below is affirmed.

*Affirmed.*

Appellant requests additional findings, stating the points on which he desires them made.

We are asked what construction we place on the jury's answers to special issues numbers 2 and 3, submitted at the request of appellant, construed with their answer to number 12, submitted by the court. The answers of the jury to said issues are conflicting, and we will not attempt to reconcile them, as we find against the appellant on the issue that no adverse possession of the land was held when McKinnon & Call purchased. The evidence warranted the jury in finding that Allen never held the land in controversy as tenant of Tarver after the expiration of the five years lease. But if a contrary effect should be given to the acts of the parties under the lease, the act of Tarver in selling the 19 4-5 acres to Huff in July, 1882, entirely severed the land in controversy from the improved portion held by Allen as Tarver's tenant and broke the continuity of possession, and no adverse possession was held until after Kirkpatrick purchased from McKinnon & Call and took possession thereof.

When the unimproved part of a tract of land is several by sale from the improvements, ordinarily limitation ceases to run as to the unimproved part. Tarlton v. Kirkpatrick, 1 Texas Civ. App., 107.

Under the facts we think this principle applies in this case. The burden of showing title by limitation was on appellant, and he has failed to meet the requirements of the statute. The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.